IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES BENNETT, et al.,

    Plaintiff's,        Civil No. 3:12-CV-330-AA

    v.                     ORDER

COLUMBIA COUNTY, et al.,

    Defendants.

AIKEN, District Judge.

    Plaintiffs have been advised that they cannot proceed as joint plaintiffs in inmate pro se litigation before this court. In this case they have filed documents jointly under this case number and requested that the court open duplicate files. That isn't how it works. However, as a courtesy to plaintiffs, the Clerk is directed to open a separate case and assign it to the undersigned. The clerk shall designate Mr. Adams as the plaintiff in that case and it shall proceed separately from this case. Mr. Bennett will continue as the

1 - ORDER

single plaintiff in this case. The clerk is requested to docket documents designated as #8 - #11 in this proceeding as documents #1 - #4 in the new case in which Mr. Adams shall be the plaintiff.

*This procedure is a one time accommodation to plaintiffs. Hereafter, plaintiffs will be required to file documents separately in the separate cases. Mr. Bennett shall file his documents in this case - 3:12-cv-00330-AA; Mr. Adams shall file his pleadings in the case number which is to be assigned to him.*

By letter to the court dated March 3, 2012, plaintiff advised the court that his pleading (#2) was not intended as complaint, but rather a "Notice of Complaint" and that he intended to file a complaint after receiving approval to proceed in forma pauperis and allowing or denying counsel.

Plaintiff's Amended Application to Proceed in forma pauperis (#11) is allowed subject to further review by the court as set forth below.

Plaintiff is advised that Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00 when funds exist. Thus although indigent prisoners may be allowed to proceed without the **pre-payment** of the filing fee, they are liable for payment of the entire fee.

2 - ORDER

Should plaintiff wish to proceed with this case, he shall file a complaint consistent with the pleading rules explained below within 30 days of the date of this order.

If plaintiff files an amended complaint he will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $350 is paid in full.

If plaintiff does not file an amended complaint or fails to respond to this order within 30 days, he will not be charged a filing fee and his case will be dismissed without prejudice.

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

3 - ORDER

4 - ORDER

There is no constitutional right to counsel in a civil case. Plaintiff has not alleged any exceptional circumstances that would require the court to request volunteer counsel to represent him in this matter. Therefore, petitioner's Motion for Appointment of Counsel (#10) is denied without prejudice.

Plaintiff's Motion for preliminary injunction (#9.) is denied without prejudice to request reconsideration after an amended complaint has been filed.

DATED this 14 day of March, 2012.

Ann Aiken
United State District Judge